UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN AND NURIT LAPIN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADAMIS PHARMACEUTICALS CORPORATION, HOWARD C. BIRNDORF, MEERA J. DESAI, DAVID J. MARGUGLIO, VICKIE S. REED, and RICHARD C. WILLIAMS,<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs Benjamin and Nurit Lapin ("Plaintiffs") allege the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiffs, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action against Adamis Pharmaceuticals Corporation ("Adamis" or the "Company") and Adamis's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to merge with DMK Pharmaceuticals Corporation ("DMK").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading preliminary proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on March 31, 2023. The Proxy recommends that Adamis stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Adamis merges with DMK. The Proposed Transaction was first disclosed

1

on February 27, 2023, when Adamis and DMK announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which DMK stockholders will receive a number of shares of common stock of Adamis (the "Merger Consideration"). Adamis plans to issue shares of Adamis common stock to complete the Proposed Transaction (the "Stock Issuance").

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Adamis management, as well as the financial analyses conducted by Raymond James & Associates, Inc. ("Raymond James"), Adamis's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiffs seek to enjoin Defendants from taking any steps to consummate the Stock Issuance and/or the Proposed Transaction, including filing a definitive proxy statement ("Definitive Proxy") with the SEC or otherwise causing a Definitive Proxy to be disseminated to Adamis's stockholders, unless and until the material information discussed below is included in the Definitive Proxy or otherwise disseminated to Adamis's stockholders. In the event the Stock Issuance and the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiffs seek to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiffs are, and have been at all relevant times, the owners of shares of common stock of Adamis.

6. Defendant Adamis is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 11682 El Camino

Real, Suite 300, San Diego, California 92130. Adamis common stock trades on NASDAQ under the ticker symbol "ADMP."

7. Defendant David J. Marguglio has been Chief Executive Officer of the Company since May 2022 and has been a director of Adamis since 2009. Defendant Marguglio is a co-founder of the Company.

8. Defendant Howard C. Birndorf has been a director of the Company since 2019.

9. Defendant Meera J. Desai has been a director of the Company since 2021.

10. Defendant Vickie S. Reed has been a director of the Company since May 2022.

11. Defendant Richard C. Williams has been a director of the Company and Chairman of the Board since 2014.

12. Defendants Marguglio, Birndorf, Desai, Reed, and Williams are collectively referred to herein as the "Board."

13. Nonparty DMK is a New Jersey corporation with its principal executive offices located at 50 Division Street, Suite 501, Somerville, New Jersey 08876.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiffs allege violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

15. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

16. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

17. Adamis is a biopharmaceutical company focused on therapeutic products to treat allergies, opioid overdose, and respiratory and inflammatory disease. The Company's products include Symjepi, an epinephrine injection to treat acute allergic reactions, as well as Zimhi, injectable naloxone, to treat opioid overdoses.

18. On February 24, 2023, the Company entered into the Merger Agreement with DMK.

19. According to the press release issued on February 27, 2023 announcing the Proposed Transaction:

**Adamis Pharmaceuticals and DMK Pharmaceuticals Announce Agreement and Plan of Merger**

- Combined company will have commercial products and a library of development candidates, two of which are clinical stage

- Will be under the leadership of DMK CEO, Dr. Ebrahim (Eboo) Versi MD, PhD

- Lead development program will be a clinical stage therapeutic under development for the treatment of opioid use disorder

**SAN DIEGO and SOMERVILLE, NJ February 27, 2023** – Adamis Pharmaceuticals Corporation (NASDAQ: ADMP), a specialty biopharmaceutical company focused on developing and commercializing products in various therapeutic areas, including opioid overdose, allergy, respiratory and inflammatory disease, and DMK Pharmaceuticals, Corp., a private, clinical-stage biotechnology company at the forefront of endorphin-inspired drug design focused on developing novel treatments for opioid use disorder (OUD) and other neuro-based diseases, today announced that the companies have entered into an Agreement and Plan of

4

Merger and Reorganization (the "Agreement"). Pursuant to the Agreement, Adamis will acquire DMK, including its library of approximately 750 small molecule neuropeptide analogues and on-going government funding for its development programs.

"Last fall, we initiated a process to explore strategic alternatives for the company with the goal of maximizing stockholder value," stated David J. Marguglio, CEO of Adamis. "After engaging in a thorough process of exploring potential alternatives and transactions, we believe a merger with DMK is the best path forward for Adamis and the strategy that has the potential to deliver significant value to Adamis' shareholders. I believe by combining Adamis' commercial products and development infrastructure with DMK's clinical-stage programs and library of small molecules, under Dr. Versi's leadership, the new company will have the potential to develop multiple groundbreaking treatments and ultimately grow shareholder value."

At the close of the merger, Eboo Versi, the current CEO of DMK, will assume the role of CEO and chairman of the combined company. Dr. Versi explained, "There are substantial synergies between Adamis and DMK. The combined company will have both the expertise and infrastructure to further the development of DMK's potentially life-changing products to address large unmet medical needs. I believe that each of our clinical-stage product candidates has blockbuster potential, and we only need one to succeed to significantly increase shareholder value. I believe the combined companies present a risk diversified portfolio which is especially important in a time of market uncertainty."

Please find a short video discussion with both CEOs on Adamis' website.

**Transaction Details**

On February 24, 2023, Adamis entered into the Agreement with DMK and Aardvark Merger Sub ("Merger Sub"), a newly created wholly-owned subsidiary of Adamis, pursuant to which DMK will merge with and into Merger Sub (the "Merger"), with Merger Sub as the surviving corporation of the Merger and a wholly owned subsidiary of Adamis.

Subject to approval by the Adamis stockholders of proposals relating to the transaction and the satisfaction of other closing conditions, in connection with and before the effective time of the Merger (the "Effective Time"), a reverse stock split of Adamis Common Stock will be consummated, pursuant to which a number of outstanding shares of Adamis Common Stock (determined by the Reverse Stock Split Ratio) will be converted into one share of Adamis Common Stock at a ratio to be determined by the Adamis board of directors.

**B. The Materially Incomplete and Misleading Proxy**

20. On March 31, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Stock Issuance and the Proposed Transaction. However, significant and material facts were not provided to Plaintiffs. Without such information, Plaintiffs cannot make a fully informed decision concerning whether to vote in favor of the Stock Issuance and/or the Proposed Transaction.

> *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

21. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of its fairness opinion, Raymond James reviewed "financial projections [for Adamis] prepared by the management of Adamis for the periods ending 2023 through 2033," as well as "financial projections [of DMK] prepared by the management of Adamis for the periods ending 2023 through 2040." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Adamis's management provided to the Board and Raymond James.

22. Notably, the Proxy fails to disclose the line items underlying the calculation of Unlevered Risk Adjusted Free Cash Flows for DMK. The Proxy also fails to disclose the line items underlying the calculation of Unlevered after tax free cash flows for Adamis. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Stock Issuance and/or the Proposed Transaction.

> *Materially Incomplete and Misleading Disclosures Concerning Raymond James's Financial Analyses*

23. With respect to the *Selected Companies Analysis of DMK,* the Proxy fails to disclose the Equity Values and Enterprise Values for each selected company.

6

24. With respect to the *Selected Companies Analysis of Adamis,* the Proxy fails to disclose the Equity Values and Enterprise Values for each selected company.

25. With respect to the *Selected Transactions Analysis - DMK*, the Proxy fails to disclose the Implied Equity Value (excluding contingent value rights) and Estimated Contingent Value Rights for each selected transaction.

26. With respect to the *Selected Transactions Analysis - Adamis*, the Proxy fails to disclose the Transaction Equity Value (excluding contingent value rights) and Estimated Contingent Value Rights for each selected transaction.

27. With respect to the *Discounted Cash Flow Analysis of DMK,* the Proxy fails to disclose the risk adjustments applied to the estimated unlevered after-tax free cash flows. The Proxy also fails to disclose the inputs and assumptions underlying the selection of discount rates of 19.0% to 21.0%. Furthermore, the Proxy fails to disclose the basis for assuming that DMK had no terminal value at the end of 2040.

28. With respect to the *Discounted Cash Flow Analysis of Adamis,* the Proxy fails to disclose the risk adjustments applied to the estimated unlevered after-tax free cash flows. The Proxy also fails to disclose the inputs and assumptions underlying the selection of discount rates of 15.7% to 17.7%. Furthermore, the Proxy fails to disclose the basis for assuming that Adamis had no terminal value at the end of 2033.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

29. The Proxy also fails to disclose material information concerning the sales process. For example, the Proxy fails to disclose whether Raymond James acted as underwriter or placement agent for Adamis in the two years proceeding the date of Raymond James's fairness opinion and, if so, the fees received in exchange for such services.

30.     The Proxy further fails to disclose Raymond James's evaluation of Adamis on a stand-alone basis.

31.     In addition, the Proxy fails to disclose the DMK financial information projections delivered to Adamis prior to November 21, 2022 and before the projections were adjusted by Adamis's management.

32.     While the Proxy notes that four non-disclosure agreements had been executed by October 14, 2022, the Proxy fails to disclose whether any other non-disclosure agreements were entered into, whether any of those non-disclosure agreements contain "don't ask, don't waive" or standstill provisions, the terms of any such provisions, and whether such provisions are still in effect or have been waived. The disclosure of the terms of any standstill provisions is crucial to Plaintiffs being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

33.     The Proxy further fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including if any of DMK's proposals or indications of interest discussed the retention of Company management in the surviving company.

34.     Additionally, the Proxy fails to disclose the specifics of any discussions concerning employment of Adamis officers that occurred between Adamis insiders and DMK, including participants to any such discussions, when they occurred, and what was negotiated or discussed.

35.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiffs are not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiffs are unable to make a fully informed decision in connection with the Stock Issuance and/or the Proposed

Transaction and face irreparable harm, warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Stock Issuance and the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the Proxy indicates that on February 24, 2023, Raymond James reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Adamis stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Raymond James's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

39. Plaintiffs are immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiffs seek injunctive and other equitable relief to prevent the irreparable injury that they will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiffs incorporate each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the Proxy with the SEC with the intention of soliciting Adamis stockholder support for the Stock Issuance and the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

42. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Adamis, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Adamis shares and the financial analyses performed by Raymond James in support of its fairness opinion; and (iii) the sales process.

45. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Stock Issuance and the Proposed Transaction; indeed, the Proxy states that

Raymond James reviewed and discussed its financial analyses with the Board on February 24, 2023, and further states that the Board considered Raymond James's financial analyses and fairness opinion in connection with approving the Stock Issuance and the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

46. The misrepresentations and omissions in the Proxy are material to Plaintiffs, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Stock Issuance and the Proposed Transaction. Plaintiffs have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiffs be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiffs incorporate each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Adamis within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Adamis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiffs contend are materially incomplete and

misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiffs to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Stock Issuance and the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

51. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these

defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiffs will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs demand injunctive relief in their favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing a Definitive Proxy with the SEC or otherwise disseminating a Definitive Proxy to Adamis stockholders unless and until Defendants agree to include the material information identified above in the Definitive Proxy;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Stock Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiffs rescissory damages;

D. Directing the Defendants to account to Plaintiffs for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiffs the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: April 11, 2023                                             **ROWLEY LAW PLLC**


*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*